CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 23, 2013

LETTER TO COUNSEL

      RE:     *Florence Danice Charles v. Commissioner of Social Security*;
                  Civil No. SAG-12-1280

Dear Counsel:

     On April 26, 2012, claimant Florence Danice Charles petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Charles's reply. (ECF Nos. 16, 20, 21). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

     Ms. Charles filed her claims for benefits in November of 2008, alleging disability beginning September 14, 2007.[1] (Tr. 18, 122-36). Her claims were denied initially on March 17, 2009, and on reconsideration on August 14, 2009. (Tr. 73-77, 79-82). On May 3, 2010, an Administrative Law Judge ("the ALJ") held a hearing. (Tr. 31-68). On August 26, 2010, the ALJ issued an opinion denying benefits. (Tr. 15-30). The Appeals Council denied Ms. Charles's request for review, (Tr. 1-5), so the ALJ's opinion is the final, reviewable decision of the agency.

     The ALJ found that Ms. Charles suffered from the severe impairments of diabetes with neuropathy, high blood pressure, and obesity. (Tr. 20). Despite these impairments, the ALJ found that Ms. Charles had retained the residual functional capacity ("RFC") to:

> [P]erform a limited range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). Specifically, the claimant can lift/carry up to 10 pounds; can stand/walk in excess of two hours but less than six hours in an eight-hour workday; must have a sit/stand option; can sit six hours in an eight-hour workday; must occasionally use an assistive device to walk; can occasionally stoop, crouch, crawl, squat, kneel, balance, climb stairs, and finger; should avoid climbing ladders or scaffolds and working around dangerous heights or dangerous machinery; should avoid concentrated exposure to heat and cold, humidity changes, dust, fumes, and gases; can understand, remember, and carry out detailed

---

[1] In Ms. Charles's application for Supplemental Security Income, she actually stated her disability began on June 14, 2007. (Tr. 122).

>instructions; and can concentrate and persist given regularly scheduled breaks customarily afforded to workers.

(Tr. 22). After considering testimony from a vocational expert ("VE"), the ALJ concluded that Ms. Charles could perform work existing in the local and national economy, and that she therefore was not disabled. (Tr. 29-30).

Ms. Charles makes three arguments in support of her appeal: (1) that the ALJ improperly considered the evidence from various medical sources in evaluating her RFC; (2) that the ALJ provided inadequate analysis of Listings 9.08 (diabetes mellitus) and 11.14 (peripheral neuropathies); and (3) that the ALJ made an improper finding of noncompliance in light of Ms. Charles's financial circumstances. I agree that the ALJ's analysis on the noncompliance issue failed to provide sufficient explanation to permit my review for substantial evidence. For that reason, remand is warranted.

Beginning with Ms. Charles's argument regarding the ALJ's finding of noncompliance, the ALJ did not sufficiently develop the record regarding Ms. Charles's efforts to obtain her necessary medications. While noncompliance with prescribed treatments is a valid basis for denying benefits, a claimant may not be penalized for failing to seek treatment she cannot afford. *Lovejoy v. Heckler*, 790 F.2d 1114, 1117 (4th Cir. 1986) (citing *Gordon v. Schweiker*, 725 F.2d 231, 237 (4th Cir.1984)). The ALJ made the conclusory statement that, "The claimant has made little effort to obtain free or low-cost health care." (Tr. 26). However, the hearing transcript does not indicate that the ALJ asked Ms. Charles about her efforts to obtain such health care. Moreover, the ALJ cites "repeated documentation" of noncompliance, while noting that Ms. Charles has had insurance since at least March of 2010. *Id.* The hearing in this case occurred in May of 2010, and none of the alleged noncompliance occurred after the insurance had been obtained. The ALJ also relied upon the fact that Ms. Charles purchased "recreational and discretionary items such as alcohol and cigarettes." *Id.* While the record clearly shows regular use of such items, it does not evidence that Ms. Charles purchased the items with discretionary funds. On remand, the ALJ should properly develop the record regarding Ms. Charles's noncompliance and her financial situation.

Ms. Charles also argues that the ALJ's analysis of Listings 9.08 and 11.14 was insufficient in light of the evidence of record in her case. Since the case is being remanded, the ALJ should provide further analysis regarding whether Ms. Charles meets any of the Listings, particularly those Listings related to diabetes. While the ALJ specifically identified those Listings 9.08 and 11.14 in her analysis, (Tr. 21), she did not note which precise criteria of the Listings were missing in Ms. Charles's case. At the time of the hearing, Listing 9.08 involved several subsections, one of which required both a diagnosis of diabetes and a visual impairment.[2]

---

[2] On June 7, 2011, Listing 9.08 (diabetes mellitus) was eliminated as a listing because advances in medical technology have allowed it and other endocrine disorders to be better managed, and thus, "not reach listing-level severity" or persist at a sufficient level of severity to meeting the duration requirement. Revised Medical Criteria for Evaluating Endocrine Disorders, 76 Fed. Reg. 19692-01 (Apr. 8, 2011). If a

*See* 20 C.F.R. Part 404, Subpart P, Appendix 1, § 9.08C. Ms. Charles testified at the hearing that her vision is limited, (Tr. 56), and at least one of the State Agency physicians opined that she was limited in near and far acuity. (Tr. 437). The ALJ did not include any visual restriction in the RFC, and did not explain her consideration of Ms. Charles's vision. It is unclear whether further information about Ms. Charles's vision should have been sought in light of her stated inability to afford an optic evaluation prior to the hearing. In addition to the vision issue, the record demonstrated some evidence of gait disturbances that justified a more precise analysis of Listing 11.14.[3] *See, e.g.* (Tr. 436) (Dr. Hakkarinen finding that evidence supported Ms. Charles's claims of difficulty walking, and that she was limited to significantly less than two hours of standing or walking in an eight-hour workday); (Tr. 417) (Consultative examiner Dr. Barrish indicating that Ms. Charles's gait "is slow with an ataxic gait pattern"). In light of the failures of explanation set forth above, remand is warranted for an adequate consideration of the relevant Listings, especially in light of subsequent changes to the Listings related to diabetes. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Charles is not entitled to benefits is correct or incorrect.

Despite remanding the case on other grounds, I disagree with Ms. Charles's contentions regarding the weighing of medical evidence in her RFC. The ALJ did not simply rely on the opinion of non-examining physician Dr. Totoonchie, but instead assigned weight to several opinions, including those of consultative examiner Dr. Barrish and the other non-examining state agency physician, Dr. Hakkarinen. (Tr. 28). The ALJ also provided adequate explanation of her reasons for her assignments of weight to the various doctors. *Id.* Ms. Charles's argument specifically focuses on the opinions, rendered by several doctors, suggesting that she would be unable to stand and walk for more than two hours in a workday. Pl. Mot. 9-10; Pl. Reply 2-3. Even crediting those opinions, it is unclear from the record in this case whether that fact would preclude her from working in a sedentary job allowing her to sit or stand at will. The question posed by Ms. Charles's attorney to the VE did not isolate her alleged inability to stand and walk.[4] (Tr. 66). The current record therefore does not evidence error in the weighing of the medical opinions.

For the reasons set forth herein, Ms. Charles's motion for summary judgment (ECF No.

---

Federal court reverses and remands a final disability decision of the Commissioner after the effective date of the final rules, the SSA "will apply the final rules to the entire period at issue in the decision [the agency] makes after the court's remand." *Id.* at 19698 n.3.

[3] Listing 1.14 (peripheral neuropathies) requires significant "disorganization of motor function" in two extremities that persists despite prescribed treatment, and that results in sustained disturbance of gross and dexterous movements, or gait and station. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, § 11.14.

[4] Counsel modified a previous hypothetical to "change the lifting to less than 10 pounds and the standing and walking to less than two hours in a day," and asked whether any of the jobs identified by the VE would still exist. (Tr. 66). The VE responded, "No." *Id.* Because the ALJ then terminated the hearing, citing time constraints, Counsel did not have the opportunity to follow up with the VE to determine whether it was the lifting change or the standing/walking change that eliminated the prospective jobs. *Id.*

16) and Defendant's motion for summary judgment (ECF No. 20) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge